620 A.2d 521

Calvin MUSSELMAN, Terry M. Cesare,

v.

**WEICHERT REALTORS.**

**Appeal of: Terry M. CESARE.**

Superior Court of Pennsylvania.

Argued Dec. 16, 1992.

Filed Feb. 22, 1993.

Karl K. Labarr, Jr., Easton, for appellant.

Denise Wester, Allentown, for Musselman & Cesare, appellees.

Before CIRILLO, KELLY and HESTER, JJ.

HESTER, Judge:

Terry M. Cesare appeals from the December 6, 1991 order entered by the Court of Common Pleas of Northampton County barring him from asserting any future claim in this action against either party. Since we find numerous procedural irregularities in both the instant order and the interpleader order which gave rise to this controversy, we are constrained to reverse the judgment barring appellant from asserting claims and remand the interpleader order to the court of common pleas for proceedings consistent with this adjudication.

On October 23, 1987, Calvin Musselman, appellee herein, agreed to sell Hampton Farms, property located in Allen Township, Northampton County, to Terry Cesare. By agreement, appellant was required to deposit a $40,000.00 down

payment with the real estate company handling the transaction, Weichert Realtors. The Court of Common Pleas of Northampton County issued contingent approval for the buyer's planned subdivision on July 17, 1990. Musselman claims that this order constituted final approval. He argues that assuming an appeal period, final approval was granted on August 16, 1990. The signed agreement provided a thirty day extension period from the final approval if it was not granted by the planned closing date of April 30, 1988. Therefore, Musselman claims that the settlement was required on or before September 15, 1990. The seller, alleging that Cesare took no steps to schedule the closing by that deadline, deemed Cesare in default and requested the down payment from Weichert as per the agreement. Weichert refused, and Musselman sued the real estate company.

In order to protect itself against multiple liability with regard to this single transaction, Weichert, appropriately complying with 42 Pa.R.C.P. 2303, petitioned the court to order the buyer and seller to interplead in this action. The petition also asked the court to order the petitioner to pay the $40,000 to the prothonotary pending the outcome of the lawsuit. Weichert, the defendant/petitioner, claimed that if the court determined that Terry Cesare was in default under the agreement of sale, then it would be entitled to fifty percent of the buyer's down payment, or $20,000.

Pa.R.C.P. 2303 dictates the following format for use in filing a petition for interpleader:

**Rule 2303. Allegations Required in Petition. Stay of Proceedings**

(a) The petition for interpleader shall allege

(1) that a claimant not a party of record has made or is expected to make a demand upon the defendant as a result of which the defendant is or may be exposed to double or multiple liability to the plaintiff and to such claimant as to all or any part of the claim asserted by the plaintiff.

(2) that the petition is filed in good faith and not in collusion with the plaintiff or any claimant.

(3) the interest, if any, which the defendant claims in the money or property in controversy and whether he is able (or if not, the reasons therefor) to pay or deliver that part of the money or property as to which he claims no interest into court or to such person as the court may direct.

(4) whether he has admitted the claim of, or subjected himself to independent liability to, the plaintiff or any claimant in respect to the subject matter of the action.

(b) The petition shall be subscribed and verified.

(c) The filing of the petition shall stay all proceedings in the action until the court has disposed of the petition.

The trial court issued an order granting the petition. The form of the order substantially deviated from Pa.R.C.P. 2304 which provides:

**Rule 2304. Order of Court**

The petition shall be accompanied by a form of order of the court substantially as follows:

(Caption of the Action)

Commonwealth of Pennsylvania

Now, this _____ day of ___ A.D. ___, the petition of _____ (insert name of party seeking interpleader) is granted and _____ (insert name of the claimant not a party to the action) is added to the record as a party plaintiff and enjoined from commencing or further prosecuting any action in any court against _____ (the petitioner) to enforce in whole or in part any claim against him set forth in said petition, except as a party to the above entitled action.

Now, therefore, we command you, the Sheriff of the County of _____ to direct the claimant, _____ (insert name of the claimant and his address) to file in the above entitled action to the office of the _____ (insert title of officer and court) a complaint within twenty days after being served with copies of the petition for interpleader and this order and all pleadings heretofore filed in the above entitled action if said service was made

within your county, or within thirty days of said service if said service was made within any other county of this Commonwealth.

By the court

_____, J.

While the court properly named Cesare as an additional plaintiff to the suit against Weichert, it then erred by ordering that Cesare had twenty days in which to file and serve a complaint upon the *other plaintiff*, Musselman, instead of the defendant,
Weichert.

Cesare failed to respond to the order within twenty days, and Musselman, the other plaintiff, relying upon the limitations set forth in Pa.R.C.P. 2309(a) [1], petitioned the court to bar appellant from asserting a claim against Weichert for the $40,000. Cesare filed preliminary objections opposing Musselman's motion. The court granted Musselman's petition and further, barred Cesare from asserting a claim against Musselman. This appeal followed.

 Appellant raises several valid issues on appeal. Specifically, he argues that Pa.R.C.P. 2314 [2] empowers only a defendant in an interpleader action to move the court to enter a judgment forever barring the claimant from enforcing his claim against the defendant. We agree. The only instance in which the statute arguably may empower a plaintiff to request a judgment barring the claimant from asserting a claim is in a case where the petitioning defendant has disclaimed all right to the money held by the court. Goodrich–Amram § 2314:3 observes that the purpose of the interpleader rule would be

1. **Rule 2309. Claimant's Statement of Claim. Service Thereof**
 (a) Within the time required by the order, each claimant interpleaded shall file a statement of his claim against the defendant and any money or property paid or delivered by said defendant pursuant to an order of the court.

2. **Rule 2314. Judgment Barring Claim**
 If an interpleaded party fails to plead as required by Rule 2309(a) the defendant may move the court to enter a judgment forever barring such party from asserting any claim against the defendant set forth in the petition for interpleader.

thwarted if the plaintiff could not enforce, against the claimant, the consequences of his failure to respond to the court's order. Therefore, in the event that a defendant disclaims all interest in the action, and pays the controversial money into court, the courts may allow a plaintiff, the only remaining party with an interest, to stand in the shoes of the defendant, and file a motion to bar claimant from asserting any claim against the retained money.

This is not the situation here, however. While Musselman argues that it was proper for him to petition the court to bar Cesare forever from asserting his rightful claim against Weichert, he fails to reconcile his position with the clear, statutory language which empowers only a defendant to file such a motion. He argues that he should be permitted "to act in the shoes of a defendant where defendant fails and refuses to move for a barred judgment against claimant upon claimant's default...." Appellee's brief at 6. Musselman's argument disregards the motivating force behind an interpleaded action. Its purpose is to protect the defendant against multiple liability. If a defendant refuses or neglects to petition the court for a judgment barring the claimant from asserting a future claim, it is within his right. The rules provide no recourse in this instance for plaintiffs who wish to protect a defendant's interest. Although appellee chooses to argue the theories postulated in Goodrich–Amram, he does so with a careless disregard for the fact that the defendant in this case has not disclaimed its interest in the held money. Clearly, this is evident in defendant's petition for interpleader, sub-section (6): "[I]n the event that Terry M. Cesare has defaulted under the Agreement of Sale, Defendant is entitled to 50% of the down monies paid by Terry M. Cesare, which equals the sum of $20,000." Reproduced Record ("R.R") at 17a. Therefore, we concur with Cesare's position that Musselman was not empowered statutorily to seek the protection of Rule 2314.

Even if we postulated that Weichert's failure to file the motion should be characterized as an intention to disclaim its interest in the disputed money, the order would overreach the relief requested in the petition. Musselman requested only

that the court bar Cesare from asserting a claim against Weichert. The court not only granted that request, but also added that Cesare was barred from ever asserting a claim against Musselman. Clearly, this was error.

Furthermore, the court never ordered a pretrial conference as required by Pa.R.C.P. 2313.[3] Therefore, this appeal is the first opportunity Cesare has had to raise these issues and question the validity of the order which prohibited the exercise of his legal right. Cesare also challenges the validity of the initial interpleader order.

First, Cesare attacks the form of the order attached to Weichert's petition for interpleader. He argues that it does not comply substantially with Pa.R.C.P. 2304. Cesare contends that Weichert asked the court to order Cesare to file a claim against Musselman. Our reading of the petition reveals the following pertinent portion of the order; "The Defendant expects Terry M. Cesare, who is not a party to this action, to make a demand upon *defendant.*" R.R. at 17a, *see* subsection (4) of the petition for interpleader. This language complies with Rule 2304. Therefore, we can locate no error.

Next, Cesare argues that Weichert erred because the language of the interpleader petition deviates from Rule 2309. We disagree. Rule 2309 does not address the form of the petition, it merely addresses the subsequent responsibilities of the interpleaded parties. Our independent evaluation of the petition compels the conclusion that Weichert submitted a valid petition to the court for consideration of the pleadings contained therein.

█ Cesare's final argument has merit. He asserts that the court order itself deviated from the form suggested by Rule 2304. We agree. While it correctly grants Weichert's petition and adds Cesare to the record as a party plaintiff, it then requires him to file and serve a complaint against Musselman, the other plaintiff to the same action. In pertinent

3. **Rule 2313. Pre-trial Conference**
 Upon the expiration of the period for the filing of pleadings by all parties the court shall direct a pre-trial conference under Rule 212.

part, the instant order reads as follows: "IT IS FURTHER ORDERED that within twenty (20) days of service of the Order, the annexed Petition and all pleadings heretofore filed in this action upon Terry M. Cesare, he shall file and serve upon *Plaintiff* a Complaint setting forth his claim, if any, against the interpleaded funds." R.R. at 14a (emphasis added). Obviously, Cesare should have been directed to file a claim against Weichert. *See* Rule 2309.

We will not address Cesare's argument regarding the finality of the subdivision approval granted on July 17, 1990. Although Cesare argues that he has no quarrel with Weichert, it is clear that Weichert will claim half of the down money should Cesare be found in default. In addition, while Cesare asserts that he should not be placed in a position to prove that he is not in default, he will need to sustain his burden if he wishes a refund of his money. Accordingly, the issue of whether Cesare has defaulted under the terms of the original agreement of sale will be addressed by the court after the buyer and seller interplead, and the case proceeds to trial.

In accordance with the foregoing, we reverse the judgment barring appellant from filing claims against appellee and defendant in this case, and remand the interpleader order to the Court of Common Pleas.